475 A.2d 831

**David A. PORCH**

v.

**Kimberley A. PORCH, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 8, 1984.

Filed May 4, 1984.

Cynthia A. Sheehan, Indiana, for appellant.

Philip N. Shelapinsky, Greensburg, for appellee.

Before BROSKY, OLSZEWSKI and JOHNSON, JJ.

BROSKY, Judge:

Before us is a custody dispute involving the three daughters of the appellant and her husband, the appellee. The lower court granted custody of the girls, Angela, Erica and Nicole, to their father. Mrs. Porch argues that the court erred in that it should have treated the dispute as one

between the childrens' mother and paternal grandparents, rather than as one between the parents. Her contention is that if the case were viewed in that light she would be entitled to custody since in a contest between a parent and a third party, a parent has a prima facie right to custody which will be forfeited only if convincing reasons appear that the childrens' best interest will be served by an award to the third party. While we would agree with appellant's statement of the burden placed on third parties, see e.g. *Ellerbe v. Hooks*, 490 Pa. 363, 416 A.2d 512 (1980), we conclude that the lower court correctly treated this dispute as being between the parties and properly granted custody to appellee. In a dispute between parents, each parent shares the burden of proving, by a preponderance of the evidence, that an award of custody to him or her would serve the best interests of the child. *Witmayer v. Witmayer*, 320 Pa.Super. 372, 467 A.2d 371 (1983).

Our court has recently discussed at length the scope of review to be used by us in custody cases. In *In Re Donna W.*, 325 Pa.Super. 39, 472 A.2d 635 (1984), we explained that the Court must use a broad scope of review and exercise an independent judgment based on the evidence and make such an order on the merits of the case as right and justice dictate. Our paramount concern is with the best interests of the children. The *In Re Donna W.* opinion makes clear that although we are bound by findings of fact made by the trial court, we are not similarly bound by the inferences and deductions drawn from those facts by the trial court.

In *Donna W* we used a four step review process which involves a determination first that the record indicates that the procedural prerequisites to a custody award have been satisfied.

In the instant case, we find the record to contain sufficient testimony and the trial court opinion adequate.

The next step outlined in *Donna W* requires that we determine whether the factual findings made by the lower court are supported by the record.

In this case we find support for all of the factual findings.

The parties were married on July 19, 1975. They separated in March, 1982.[1] Since the separation, the children have resided with their paternal grandparents in Saltsburg, Indiana County. Their father continues to reside in the marital residence, which is next door to his parents' home.

The childrens' mother lives with her parents in Cherry Tree, also in Indiana County.

Appellee, Mr. Porch is employed by the Helvetia Coal Company and works three shifts, on a revolving basis.

At the time of the hearing, Mrs. Porch worked on Friday and Saturday evenings as a waitress.

When the children stay with their mother at her parents' home, two of the girls share a room while the third shares a sofa bed with her mother in the living room.

The lower court noted that there was no evidence that the paternal grandparents' home was inadequate physically to meet the needs of the children.

The children appeared to the trial court to be well dressed, groomed, nourished, adjusted and happy.

Finally, the court noted that the two oldest girls, then aged 7 and 6, expressed a desire to remain in Saltsburg, although the court did note that they seem to get along with both of their parents and grandparents.

The next step in the analysis involves our determining whether the lower court committed any error of law. We find no such error here and therefore proceed to the final stage of review which requires us to determine what inferences and deductions to draw from the facts.

Appellant argues that the trial court erred in finding this to be a dispute between the parents. She contends that we should place on the father the heavy burden that is placed

1. There was some dispute as to whether the separation actually began in January, 1982 and there was evidence, not mentioned by the trial court, of a short reconciliation but there was certainly support for the finding of the court.

on third parties who seek custody in a dispute with parents. See *Ellerbe v. Hooks, supra, Moorman v. Tingle,* 320 Pa.Super. 348, 467 A.2d 359 (1983).

■ We disagree and conclude that this dispute is only between the parties and that an award to the father is not in reality an award to the grandparents.

Appellant attempted to join the grandparents and the lower court directed the grandparents to appear at a hearing on March 31, 1983 if they wished to have custody of the girls. The grandparents apparently made no appearance. Nor are they parties to this appeal. Of course, we will not exhalt form over substance and reject appellant's argument merely because the grandparents are not named parties. See *Palmer v. Tokarek,* 279 Pa.Super. 458, 421 A.2d 289 (1980). Instead, we believe that the facts presented below indicate that custody of the girls will actually rest with the father, with the grandparents helping him to care for them.

The children live in a residence separate from their father's home only because of his erratic work schedule. As Mr. Porch explained, if the children were to sleep in his home, they would have to be awakened at 12:30 a.m. and returned home from their grandparents on those occasions when their father works until that hour. They would be similarly uprooted to meet his schedule when he worked from midnight to 8:00 a.m. In short Mr. Porch has been able to rely upon his parents as caretakers. Instead of providing only day care they have taken it upon themselves to provide babysitting services at night as well in order to meet the needs of their son. They live next door to Mr. Porch who spends time with his children at his parents' home and who, the court found, takes his meals at his parents' home with his children. This is not a case in which control of the children has been surrendered to the grandparents, rather, it is one in which a single father has sought and received help in the care of his children.

Applying, then, the standard to be used in disputes between parents, we agree with the trial court's decision to place the children in their father's custody.

As the court noted in its opinion, while both parents expressed a sincere interest in caring for the girls, there was testimony by both the father and several other witnesses to the effect that during the period when Mrs. Porch was the primary caretaker, the children were often given inadequate care. Specifically, the court cited testimony that the children were not bathed regularly nor properly fed.

While Mrs. Porch now resides with her parents and may be able to provide better care to the girls than they received in the past, we find nothing in the facts to demonstrate her caretaking abilities.

In contrast, the evidence presented at the hearing suggests that under the care of their father, with the help of his parents, the girls are well groomed and their needs met. The record indicates that under the present arrangement the girls are doing quite well. Erica and Angela are doing well in school.

We agree that the preponderance of the evidence indicates that the girls should remain in their father's custody and the stable environment in which they presently reside.

Order affirmed.